[Crim. No. 2137.   Third Dist.   Aug. 8, 1949.]

THE PEOPLE, Respondent, v. ROBERT G. SCHUMAN, Appellant.

Robert G. Schuman, in pro. per., for Appellant.

Fred N. Howser, Attorney General, James E. Sabine and Doris H. Maier, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant was convicted of the crimes of kidnaping and robbery and the judgment of conviction was affirmed by this court. (*People* v. *Shuman,* 64 Cal.App.2d 382

[148 P.2d 875].)   Thereafter, the defendant made a motion in the trial court for certain records in his case which motion was denied on December 7, 1948.   He thereupon filed his notice of appeal on January 12, 1949, from the order denying his motion, and on March 15, 1949, the State filed its notice of motion to dismiss the appeal so taken by the defendant. The sole question thus presented to this court is whether or not the motion to dismiss defendant's appeal should be granted.

The State urges that the appeal should be dismissed since the notice was not timely and thus did not confer jurisdiction upon this court to hear the appeal.   (*Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423].)   It is true that by virtue of rule 31 of the Rules on Appeal the notice of appeal must be filed within 10 days after entry of the judgment or order from which the appeal is sought to be taken, and it is obvious from the record herein that the notice of appeal was filed more than 10 days after the entry of the order denying defendant's motion.   Consequently, the appeal must be dismissed for lack of jurisdiction to hear it.

Additionally, we are advised by respondent that since the appeal was taken and the motion to dismiss was filed the documents and records sought by appellant have been returned to him.   It therefore appears that the action has become moot and hence the appeal should be dismissed for this reason as well.

For the foregoing reasons the appeal is dismissed.

Adams, P. J., concurred.